■ ARTHUR ASHMAN, Respondent, v PLANNING BOARD OF THE TOWN OF EAST HAMPTON, Appellant. (Proceeding No. 1.) In the Matter of ARTHUR ASHMAN, Respondent, v ELBERT T. EDWARDS et al., Appellants. (Proceeding No. 2.) — In consolidated proceedings pursuant to CPLR article 78 to review (1) a determination of the Planning Board of the Town of East Hampton, dated January 26, 1977, which denied petitioner's application for "subdivision waiver" and (2) a determination of the Zoning Board of Appeals of the Town of East Hampton, dated December 5, 1978, which, after a hearing, denied petitioner's application (a) for certain variances and (b) to interpret the applicable zoning ordinance to permit petitioner's subdivision, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Suffolk County (Aspland, J.), dated November 12, 1981, as (1) remitted the matter to the planning board with a direction that it grant the application for subdivision of petitioner's premises, and (2) remitted the matter to the zoning board of appeals to interpret the zoning ordinance so as to permit the subdivision requested. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the respective matters are remitted to the planning board and the zoning board of appeals for further consideration in accordance herewith. We agree with Special Term that the beach area in question should have been part of the land measured to determine the lot area of petitioner's property (see *Bloom v Town Bd. of Town of Oyster Bay,* 32 NY2d 930, revg 41 AD2d 533 upon the dissenting memorandum of Justice Munder). However, we are of the opinion that the remittitur to the respective boards with a direction, *inter alia,* that petitioner's application be granted, was improper. While we find the appellants' interpretation of the zoning ordinance to be arbitrary and capricious in excluding the beach area from the calculation of the lot area of petitioner's property, we also believe that there were other pertinent matters

concerning conservation and approval of other agencies properly considered by the appellants which need to be reconsidered in light of Special Term's decision on calculating the area. If the petitioner's recalculated lot area can prima facie meet the standards to permit subdivision, the appellant boards might consider (without limitation intended) whether other health, safety and conservation factors would permit subdivision at this juncture or whether petitioner should (1) be required to submit more detailed proof on such matters or (2) be required to obtain approval from the Department of Environmental Conservation and the Suffolk County Planning Commission. Petitioner urges this court to affirm Special Term's direction that his application be granted, yet he also states in his brief his willingness to obtain approval from these two agencies should the planning board so require. Petitioner's position is anomalous and suggests that he knew that Special Term's directive was erroneous. Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.